Robert B. Mobasseri (SBN 193193)
David Alan Cooper (SBN 190203)
**LAW OFFICES OF ROBERT B. MOBASSERI, P.C.**
1055 West 7th St., Suite 2140
Los Angeles, CA 90017
Tel: (213) 282-2000 | Fax: (213) 282-3000
E-Service: EService@MobasseriLaw.com

Attorneys for Plaintiff
CHRISTIANNA M. RICHARDSON

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIANNA M. RICHARDSON<br><br>Plaintiff,<br><br>vs.<br><br>KIA MOTORS AMERICA, INC.; DOES 1 through 100, Inclusive,<br><br>Defendants | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. Breach of Express Warranty under the Magnuson-Moss Warranty Act, 15 U.S.C. §§2301, et seq.<br>2. Breach of Express Warranty under Song-Beverly Consumer Warranty Act, CA Civil Code §§ 1790 et seq.<br><br>JURY TRIAL DEMANDED |

1. Plaintiff CHRISTIANNA M. RICHARDSON ("Plaintiff") brings this action against Defendants KIA MOTORS AMERICA, INC. ("Kia"), and DOES 1 through 100, inclusive, and seeks a trial by jury against these defendants.

## **JURISDICTION AND VENUE**

2. The United States District Court for the Central District of California has subject matter jurisdiction over this action because there is minimal diversity.

1. Plaintiff raises claims based on Federal law, and the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, per 28 U.S.C. §1332(a).

3. The United States District Court for the Central District of California can exercise supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(a)-(c). FCA US LLC does substantial business in the State of California and within this Judicial District, is registered to and is doing business within the State of California, and otherwise maintains requisite minimum contacts with the State of California. Further, the sales transaction at issue occurred in this District.

## GENERAL ALLEGATIONS

5. On March 18, 2018, Plaintiff, a California resident, leased a new 2018 Kia Optima vehicle bearing VIN 5XXGT4L32JG242100 ("Vehicle"). At the end of the lease, Plaintiff purchased the now-used 2018 Kia Optima on December 4, 2021 with 42,219 miles on the odometer from Lou Subh Cerritos Saturn, Inc., D/B/A "Kia of Cerritos", in Cerritos, Los Angeles County, CA 90703. As reflected in the sales contract, the price after fees and taxes was $23,856.

6. The Vehicle was sold to Plaintiff with the remaining balance of Kia's new-vehicle express warranty covering the powertrain for the earlier of 5 years or 60,000 miles.

7. Because the Vehicle was sold with an express warranty, the Vehicle was also sold with a statutory implied warranty of merchantability upon which Kia was obligated as described within The Song-Beverly Consumer Warranty Act at Civil Code Section 1792, which as a matter of law promises a California consumer of retail goods for personal or household use that the goods are in safe condition and substantially free of defects and that the goods are fit for the ordinary purposes for which such goods are to be utilized.

8. The Vehicle has a manufacturing defect which causes the engine to consume excessive oil. The Vehicle received oil changes on December 29, 2019 with 7,311 miles on the odometer, on August 31, 2019, with 13, 393 miles, May 14, 2020 with 26,678 miles and on March 15, 2021 with 26,678 miles on the odometer. On November 2, 2021, with 40,385 miles on the odometer the engine oil light came on while the Vehicle was being driven. Plaintiff had even been adding oil between oil change services. At the time of purchase out of the lease, on December 4, 2021, Plaintiff requested Dealer, Kia of Cerritos, perform a stage 1 oil consumption test. Dealer changed the oil and added tamper proof seals on the oil filter and cap, then instructed Plaintiff to return to finish the oil consumption test before exceeding 43,580 miles on the odometer. Plaintiff presented the Vehicle to Dealer on January 10, 2022, with 43,566 miles on the odometer. Dealer found the Vehicle was already .911 of a quart low, yet determined that no further action was needed. However, the Vehicle continued to consume excessive oil. On May 14, 2022, with 47,707 miles on the odometer, Plaintiff presented the Vehicle to Econolube and Tune for an oil change and complained that it was excessively consuming oil. Plaintiff engaged in consumer arbitration with Kia, continuing to report excessive oil consumption, but that arbitration did not resolve the matter to Plaintiff's satisfaction. Further, the Vehicle had begun smoking out the tailpipe.

## FIRST CAUSE OF ACTION

Breach of Express Warranty under the Magnuson-Moss Warranty Act,

15 U.S.C. Section 2301, et seq.

(By Plaintiff against KIA MOTORS AMERICA, INC. and Does 1-50)

9. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs of this Complaint.

10. Plaintiff is a "consumer" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. Section 2301(3).

11. Kia is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. Sections 2301(4) and (5).

12. The Vehicle is a "consumer product" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. Sections 2301(4) and (5).

13. Kia issued an express warranty relating to future performance. However, the Vehicle was not conformed to its express warranty despite repeated presentations to Kia's authorized repair dealerships.

14. Plaintiff seeks rescission of the purchase agreement and full restitution of money paid for the Vehicle, as well as incidental and consequential damages as allowed by law.

## SECOND CAUSE OF ACTION

Breach of Express Warranty under Song-Beverly Consumer Warranty Act,
Civil Code Sections 1790 et seq.

(By Plaintiff against KIA MOTORS AMERICA, INC. and Does 51-100)

15. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs of this Complaint.

16. Pursuant to the Song-Beverly Consumer Warranty Act at Civil Code § 1790, *et seq.,* the Vehicle constitutes "consumer goods" purchased or leased primarily for family or household purposes.

17. At the time of sale or lease, Kia was in the business of selling automobiles to retail buyers. The Vehicle suffered from significant defects and non-conformities present at sale.

18. Plaintiff files this action within four years of Plaintiff's discovery that the Vehicle was unmerchantable. Plaintiffs rightfully reject and/or justifiably revoke acceptance of the subject vehicle and exercises Plaintiffs' right to cancel the subject transaction.

19. Plaintiff elects and demands restitution of all monies paid for the Vehicle (downpayment, monthly payments, finance charges, taxes, registration, and other

incidental and consequential expenses), plus reimbursement, plus additional forms of recovery permitted by Commercial Code Sections 2711, 2712 and 2713, including inspection and transportation costs, plus civil penalties, attorney's fees and other litigation costs, pursuant to Civil Code Sections 1793.2(d) and Section 1794 for express-warranty violations.

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. For actual, incidental and consequential damages on the First Cause of Action;
2. For actual, incidental and consequential damages, and Civil Penalties, on the Second Cause of Action;
3. For pre-judgment interest at the maximum legal rate;
4. For statutory attorney's fees and other costs of suit;
5. All other relief as the Court deems just and proper.

Dated: November 28, 2022     LAW OFFICES OF ROBERT B. MOBASSERI, PC

By: _____
Robert B. Mobasseri